FILED

2006 Dec-20  PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SYLVIA GARRETT, | ] | |
| | ] | |
|     Plaintiff, | ] | |
| v. | ] | |
| | ] | |
| LEGACY CABINETS, INC., | ] | CV-05-BE-2270-E |
| | ] | |
|     Defendant. | ] | |
| | ] | |

**MEMORANDUM OPINION**

This case is before the court on Plaintiff's Motion for Partial Summary Judgment

(Doc. 25) and Defendant's Motion for Summary Judgment (Doc. 29).  As discussed below, the

court hereby DENIES Plaintiff's motion in its entirety, and GRANTS in part and DENIES in part

Defendant's motion for summary judgment.

I.      STATEMENT OF FACTS

Plaintiff Sylvia Garrett was employed with Defendant Legacy Cabinets from December

1998 until she was laid off in November 2004.  During her employment, Ms. Garrett claims that

numerous male employees of Legacy sexually harassed her and other women.  She states that she

complained of the harassment to Karen Jemison, a "lead person" on her shift.  Ms. Garrett did

not complain to other members of Legacy management until Ms. Jemison filed her own

complaint against Shane Cannoy, who was at one time Ms. Jemison's and Ms. Garrett's

supervisor.  Ms. Jemison made an internal complaint in February 2004, at which time Legacy

immediately suspended Mr. Cannoy with pay and began an investigation of the sexual

harassment claims.  During the course of the investigation, members of management spoke

directly with Ms. Garrett about the sexual harassment claims against Mr. Cannoy.  As a result of

the investigation, Legacy fired Mr. Cannoy.

Legacy rehired Mr. Cannoy in May 2004 after he approached them for a job, because

Legacy was "growing by leaps and bounds" and he was qualified to suit their needs at the time.

When Mr. Cannoy was rehired, he was placed on a different shift from Ms. Garrett.  She stated

that after he was rehired, he would stare or glare at her sometimes on the shift change or while

she was working, which intimidated her.  Ms. Garrett also stated that he did not engage in any

other behavior she considered sexual harassment after the time he was rehired.

Ms. Garrett has testified about numerous other instances of sexual harassment involving

other male employees of Legacy.  She also has alleged, and Legacy has admitted, that it rehired a

total of three employees, including Mr. Cannoy, who had been fired because of sexual

harassment incidents.  She does not allege that the other two employees sexually harassed her

personally.

In April 2005, Ms. Garrett instituted a complaint with the EEOC claiming that she had

experienced sexual harassment and that she had been discriminated against because of her

gender, nationality, and race.  Her racial discrimination claim, as discussed below, is based upon

testimony of one of Legacy's decisionmakers indicating that race was a factor in determining

which employees to lay off.  She now also alleges that she was terminated in retaliation for her

complaints about sexual harassment at Legacy.

## II.   STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present.  *See* Fed. R. Civ. P. 56.  A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23.  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).  The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings."  *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "The nonmovant need not be given the benefit of every inference but only of every reasonable inference."  *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282

(11th Cir. 1999).  After both parties have addressed the motion for summary judgment, the court

must grant the motion if no genuine issues of material fact exist and the moving party is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56.  However, the nonmovant can defeat

summary judgment by showing either a genuine issue of material fact or that the movant is not

entitled to judgment as a matter of law.

III.    DISCUSSION

    A.  Race Discrimination Claims

    The court hereby DENIES both Plaintiff's motion for summary judgment and

Defendant's motion for summary judgment as to Ms. Garrett's race discrimination claim.

Neither party has demonstrated that no genuine issue of material fact exists and that they are

therefore entitled to judgment as a matter of law.  The court need not determine at this stage

whether the testimony of Mr. Fred Harris – which indicates that race played at least some role in

the decision to select Ms. Garrett for a reduction in workforce – constitutes direct evidence or

circumstantial evidence.[1]  Under either the direct evidence approach or the *McDonnell-Douglas*

burden-shifting framework, sufficient conflicting evidence exists to suggest that a reasonable jury

could find in favor of either party.  Accordingly, both motions are due to be DENIED as to

claims of racial discrimination.

---

    [1]  The court will determine as a matter of law whether the testimony constitutes direct or
circumstantial evidence after briefing from both sides, and prior to submitting this matter to a
jury.

**B.      Sex Discrimination (Count I)**

*1.      Timeliness - 90 day period to file complaint*

Legacy also argues that Ms. Garrett failed to file her complaint within 90 days of receipt

of the EEOC notice of right to sue.  The parties do not dispute that the EEOC mailed its letter on

August 1, 2005.  Applying the three day presumption for receipt by mail, *Kerr v. McDonald's*

*Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005), Ms. Garrett received the notice on August 4,

2005.  The parties each provide a different date for the filing of the instant lawsuit:  Ms. Garrett

claims she initiated legal action on October 31, 2005 when she attempted to intervene in another

action, while Legacy states the lawsuit was filed on November 4, 2005.  The court notes that its

records reflect that Ms. Garrett filed the instant lawsuit on November 2, 2005.[2]  Therefore, she

filed her lawsuit exactly 90 days after receiving her notice of right to sue.  Accordingly,

Defendant Legacy has not established that it is entitled to summary judgment as a matter of law

on Ms. Garrett's sexual harassment claims because of her failure to timely institute this

complaint.

*2.      Timeliness - 180 day statute of limitations*

Legacy argues that, to the extent that Garrett states claims under Title VII for sexual

harassment, discrimination, and retaliation occurring more than 180 days before she filed her

charge with the EEOC, such claims are time-barred by 42 U.S.C. § 2000e-5(e).  Legacy asserts

that Title VII bars everything about which Ms. Garrett complains arising before October 7, 2004,

including her sexual harassment claim.  As discussed below, the court GRANTS in part and

_____

[2] Although the clerk's office electronically docketed the complaint on November 4, 2005,
it clearly has been stamped as filed on November 2, 2005.

DENIES in part Legacy's motion for summary judgment on all claims relating to alleged sexual

harrassment occurring before October 7, 2004.

Ms. Garrett argues that courts in the Eleventh Circuit recognize the "continuing

violation" exception to the 180-day statute of limitations, allowing claims prior to the cut-off

date where at least one hostile act occurred within the statutory period and that the hostile acts

occurring outside the statutory period be pervasive enough to support a claim under applicable

law. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1259 (11th Cir. 2003). She asserts that, in the

180 days preceding her EEOC charge, she experienced a number of hostile acts, including Mr.

Cannoy staring at her and sexually harassing another female employee, and Mr. Street touching

her and making suggestive remarks.

Legacy counters that its decision to fire Mr. Cannoy, in response to the February 18, 2004

sexual harassment claim filed against him by Karen Jemison, constituted an "intervening act"

which precludes the court from considering his behavior before the filing period began. *See*

*Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1259 (11th Cir. 2003). Although Legacy rehired Mr.

Cannoy on May 17, 2004, Ms. Garrett admits that Mr. Cannoy did not engage in any sexually

harassing behavior - other than staring or glaring at her - after he was rehired in May 2004.

The court of appeals in *Watson* noted that "plaintiff cannot recover for acts that occurred

before the filing period if such acts are no longer part of the same hostile work environment

claim because of 'certain intervening action by the employer.'" *Watson*, 324 F.3d at 1258

(quoting *Nat'l Railroad Passenger Corp. v. Morgan*, 122 S. Ct. 2061, 2075 (2002)). In *Watson*,

the defendant employer met with an employee accused of harassment and ordered him to dispose

of pornographic material discovered in his locker. The plaintiff in that case stated that, after that

action, she did not have any more problems with that particular employee.  The court of appeals

concluded that the "intervening action" of the defendant employer rendered that individual's

conduct no longer part of the plaintiff's hostile work environment claim.

Here, Ms. Garrett similarly has admitted that after Mr. Cannoy was rehired, he did not

engage in any of the sexually harassing behavior he previously exhibited.  Her only complaint is

that he sometimes stared or glared at her.  Accordingly, under *Watson*, Legacy's decision to fire

Mr. Cannoy constituted an intervening action, because even though they rehired him, he did not

engage in the harassing conduct after the company fired him.  The court, therefore GRANTS

Defendant's motion for summary judgment as to all claims relating to Mr. Cannoy's conduct

before he was rehired in May 2004.

As to Ms. Garrett's other claims of sexual harassment, involving men at Legacy other

than Shane Cannoy, under *Watson*, such claims should be allowed to proceed if any of them

occurred within the filing period.  According to the court of appeals in *Watson*:

> The Court [in *National Railroad Passenger Corp. v. Morgan*, 536
> U.S. 101,(2002)] instructed that a hostile work environment,
> although comprised of a series of separate acts, constitutes one
> "unlawful employment practice," and so long as one act
> contributing to the claim occurs within the filing period, "the entire
> time period of the hostile environment may be considered by a
> court for the purposes of determining liability."
>
> Accordingly, [the plaintiff's]  numerous allegations of harassment
> constitute an allegation of one unlawful employment practice:  the
> hostile work environment created by the harassing conduct of Blue
> Circle's employees and customers.  Because Blue Circle concedes
> that six alleged incidents of harassment occurred within the filing
> period, the entire time period of the harassment may be considered
> for the purposes of determining liability.

*Watson*, 324 F.3d at 1258.

7

From the submissions, the court cannot decipher exactly when the various alleged

incidents of sexual harassment occurred.  Ms. Garrett has testified, however, that the harassment

was ongoing during her entire employment at Legacy.[3]  Drawing all inferences in favor of the

nonmovant, Legacy has not demonstrated that no genuine issue of material fact exists as to the

timing of the sexual harassment Ms. Garrett alleges.  The court DENIES Defendant's motion for

summary judgment as to the claims of sexual harassment involving individuals *other* that Mr.

Cannoy, even if they occurred before the statutory filing period.

### 2.     *Merits*

To prove her sexual harassment claim, Ms. Garrett mush show that she was subjected to a

sexually hostile work environment, which requires establishing five separate elements.

Defendant Legacy recognizes for purposes of summary judgment that issues of fact exist as to the

first, second, third, and fifth elements of Garrett's hostile environment claim.  Instead, Legacy

challenges Garrett's ability to establish the fourth element, "that the harassment was sufficiently

severe or pervasive to alter the terms and conditions of employment and create a discriminatorily

abusive working environment."  *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir.

1999).

The court finds that, viewing the entire context of Ms. Garrett's allegations, rather than

merely the isolated acts, Ms. Garrett has produced sufficient evidence that a reasonable jury

might find a "severe and pervasive" environment of sexual harassment that "under the totality of

---

[3]  "There were comments made all the time.  It's hard to sit here and tell you every comment.  I would have to think about times and days.  But comments were made *throughout the whole time that I was working at Legacy* and he was working at Legacy.  It is a common thing for different guys, different departments.  It doesn't matter whether they were supervisors or not. They will say anything offensive that they want to say."  Garrett Depo. at 52 (emphasis added)

the circumstances" constitutes a hostile work environment.  Although the timing of the various

incidents will still be an issue at trial – i.e., Ms. Garrett will have to demonstrate that at least

some incidents occurred within the statutory period to bring in the incidents from before the

statutory period – viewing all the evidence in the light most favorable to the nonmovant, Legacy

has failed to establish that no genuine issue of material fact exists and that it is entitled to

judgment as a matter of law.

The court must now evaluate whether, as a matter of fact and law, Legacy will be entitled

to the *Faragher/Ellerth* affirmative defense.  Ms. Garrett, in submitting evidence that several

employees were unaware of Legacy's sexual harassment policy, has established that a genuine

issue of material fact exists as to a prerequisite of Legacy's *Faragher* defense, the dissemination

of its sexual harassment policy.

Accordingly, Defendant's motion for summary judgment is hereby DENIED as to

Ms. Garrett's sexual harassment claims (except as related to Mr. Cannoy's conduct prior to his

termination).

### C.     Retaliation (Counts V and VII)

To prove retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2)

she suffered from an adverse employment action, and (3) the adverse action was causally related

to the protected expression.  *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1196 (11th Cir.

1997).

Ms. Garrett has produced no evidence that the decision to lay her off in November 2004

was at all related to her participation in Mr. Cannoy's sexual harassment investigation in

February 2004.  Ms. Garrett argues that "temporal activity is not dispositive of the issue of

causation" and that the Eleventh Circuit "'rejected any per se rule as to the length of time

necessary to create such an inference.'" *See Kamensky v. Dean*, 2005 U.S. App. LEXIS 19926, at

*8 (11th Cir. Sept. 14, 2005).  She also argues that Legacy "seized the first opportunity presented

to it to retaliate against Ms. Garrett," and, coupled with Legacy's decision to recall employees

other than Ms. Garrett after the layoff, could lead a reasonable jury to conclude that her layoff

was in retaliation for her sexual harassment complaint.  Ms. Garrett, however, has failed to

produce any actual evidence linking her termination to her participation in the sexual harassment

investigation nine months earlier.

The court, therefore, finds that Defendant has met its burden of demonstrating that

Plaintiff's evidence fails to establish one of the elements of her claim, and that summary

judgment is GRANTED in favor of Defendant on this point.

> **D.     State Law Claims:  Invasion of Privacy (Count III) and Negligent and/or
>         Wanton Hiring, Retention, Training, and Supervision (Count IV)**

Because Ms. Garrett has produced some evidence that individuals at Legacy knew of Mr.

Cannoy's harassing behavior even *before* Ms. Jemison instituted the formal complaint against

him, the court finds that Legacy has not satisfied its burden of demonstrating that no genuine

issue of material fact exists and that it is entitled to judgment as a matter of law on Ms. Garrett's

state law claims.  The court, therefore, DENIES Defendant's motion for summary judgment on

Counts III and IV of Plaintiff's complaint.


**IV.     CONCLUSION**

For the aforementioned reasons, Plaintiff's motion for partial summary judgment is

DENIED in its entirety.  Defendant's motion for summary judgment is GRANTED as to claims

arising from the conduct of Mr. Cannoy prior to Legacy rehiring him in May 2004, and as to

Plaintiff's retaliation claim (Counts V and VII).  Defendant's motion for summary judgment is

DENIED as to all other claims.


A separate order will be entered contemporaneously with this memorandum opinion.

DATED this 20th day of December, 2006.



_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE